An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

TYRONE SAMUEL A/K/A TYRONE
POWER SAMUELS,
Appellants,
vs.
THE STATE OF NEVADA,
Respondent.

No. 64460

**FILED**

MAY 13 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

### ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of larceny from the person, victim is an older person, $3,500 or more. Eighth Judicial District Court, Clark County; Carolyn Ellsworth, Judge.

Appellant Tyrone Samuel contends that insufficient evidence was adduced to support the jury's verdict. We disagree because the evidence, when viewed in the light most favorable to the State, is sufficient to establish guilt beyond a reasonable doubt as determined by a rational trier of fact. *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Mitchell v. State*, 124 Nev. 807, 816, 192 P.3d 721, 727 (2008).

The victim testified that a black male stole three envelopes containing $5,000 from his back pocket as he was walking back to his car parked at a Pump-N-Sack gas station. The victim was 77 years old at the time of the incident. In the 9-1-1 call played for the jury, the victim described the perpetrator as wearing a blue shirt. The gas station clerk testified that he was familiar with Samuel, witnessed the theft, and positively identified him as the perpetrator. The clerk told the investigating officers that the individual who stole the envelopes was

SUPREME COURT
OF
NEVADA

(O) 1947A

14-15351

wearing a blue shirt and black pants. A surveillance videotape from the gas station, played for the jury, showed a black male grabbing the envelopes from the victim's back pocket and running away. The clerk directed the officers to where he saw Samuel discard the envelopes—the envelopes were recovered and the victim identified them as his.

A description of the suspect was disseminated and the officers were soon directed to the Gold Spike Hotel based on information provided by the hotel desk clerk. The officers proceeded to the room where the guest identified by the desk clerk was located in order to do "a knock and talk," and Samuel answered the door, wearing a blue shirt and black pants. LVMPD Officer Bryce Jones testified that he read Samuel his rights pursuant to *Miranda v. Arizona*, 384 U.S. 436 (1966), and confronted him with the details of the investigation, to which Samuel responded, "yeah, I did that." Samuel indicated that he spent some of the money, including $350 to reserve the hotel room for four nights, and that he still had some of it—a wallet containing $3,003 was found in his possession. Samuel stated that he gave some of the money to a woman present in the hotel room—$202 was found in her possession. Officer Jones testified, "I did ask him why he did what he did and he stated that—at first that he didn't know what was in the envelopes but that he had a good idea. And, he went on to state that he was homeless and broke."

Circumstantial evidence alone may sustain a conviction. *Buchanan v. State*, 119 Nev. 201, 217, 69 P.3d 694, 705 (2003). It is for the jury to determine the weight and credibility to give conflicting testimony, *McNair v. State*, 108 Nev. 53, 56, 825 P.2d 571, 573 (1992), and a jury's verdict will not be disturbed on appeal where, as here, sufficient

evidence supports the verdict, *Bolden v. State*, 97 Nev. 71, 73, 624 P.2d 20, 20 (1981); *see also* NRS 193.167(1)(j); NRS 205.270(1)(b). Therefore, we conclude that Samuel's contention is without merit. Accordingly, we

ORDER the judgment of conviction AFFIRMED.[1]

_____ , J.
Hardesty

_____ , J.
Douglas

_____ , J.
Cherry

cc:  Hon. Carolyn Ellsworth, District Judge
Law Office of Scott P. Eichhorn, LLC
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk

_____

[1]The fast track statement fails to comply with NRAP 3C(h)(1) and NRAP 32(a)(4) because it does not contain 1-inch margins on all four sides. Counsel for Samuel is cautioned that the failure to comply with the briefing requirements in the future may result in the imposition of sanctions. *See* NRAP 3C(n).

SUPREME COURT
OF
NEVADA

(O) 1947A